Carroll,
April 4, 1950. } No. 3870.

JOHN F. THISTLE *v.* FRANCES ADAMS HALSTEAD.

*Cooper, Hall & Cooper* and *John F. Thistle* of Massachusetts (*Mr. Burt R. Cooper* orally), for the plaintiff.

*Edward E. Crawshaw* of Massachusetts and *Frederick J. Grady* (*Mr. Crawshaw* orally), for the defendant.

BLANDIN, J. The first exceptions briefed by the defendant to the refusal of the Court to rule that different findings than those made by him were warranted by the evidence are without merit. The evidence justified the findings made and there is no principle in our law requiring the Court to go through the process of ruling that certain other findings were or were not warranted. Neither did the Court's refusal to grant the defendant's requests imply a ruling that the contrary findings made were required as a matter of law.

The defendant next claims the Court erred in receiving any evidence after the filing of requests as ordered and especially evidence which was not in rebuttal. This raises only the question of whether the Trial Court abused his discretion. *Ricker* v. *Mathews* 94 N. H. 313. See also, *Twardosky* v. *Company*, 95 N. H. 279, 283, 285. There is nothing in the record to show that he did and no error appears here.

The defendant took many general exceptions to evidence offered as bearing upon the situation of the parties and their relationship including the defendant's charges of fraud and dishonesty by the plaintiff. This evidence was competent for the purpose for which it was introduced and the defendant not having sought to limit its effect takes nothing by these exceptions. *Welch* v. *Coleman*, 95 N. H. 399, 404, and authorities cited.

The defendant's objections to testimony of the plaintiff as to the contents of certain papers before him misconceive the effect of our best evidence rule. The primary fact which the plaintiff sought to prove was not the existence or contents of these writings but the fact

that the defendant had received more than $100 and the plaintiff had not kept her monies. The papers were in court and apparently could have been introduced had the defendant so requested. These exceptions are unavailing. *Pulsifer* v. *Walker*, 85 N. H. 434; 32 C. J. S. 713.

After the defendant's deposition was introduced the plaintiff testified in contradiction of parts of the deposition. His counsel was allowed subject to exception, to ask with reference to an answer of the defendant in her deposition if there was "anything by way of denial you wish to make." While such questions are not to be encouraged no prejudice appears here and the Court's discretionary ruling is upheld.

Finally the defendant claims that the verdict is not warranted by the evidence or under the pleadings and is inconsistent with the special findings. The Court found that the plaintiff rendered services to the defendant at her request and that she agreed to the basis of his charges. The record supports these findings and no inconsistency appears between the verdict and the findings. Furthermore, if necessary, an amendment to the declaration to conform to the proof is proper even after the case has been argued in this court. *Gosselin* v. *Lemay*, 85 N. H. 13. This contention of the defendants fails and examination of the record disclosing no other exceptions of merit the order is

*Exceptions overruled.*

All concurred.